In re IKE KEMPNER & BROS., INC.,
a/k/a Kempners.

IKE KEMPNER & BROS., INC.,
Goldring, Inc. and Worthen Bank
& Trust Co., N. A., Plaintiffs,

v.

U. S. SHOE CORPORATION, Defendant.

Bankruptcy No. 79046.
LR 79–1041.

United States Bankruptcy Court,
E. D. Arkansas, W. D.

Jan. 11, 1980.

---

C. Richard Crockett, Little Rock, Ark., for debtor.

James Clark, Little Rock, Ark., for U.S. Shoe Corp.

Charles D. Davidson, Little Rock, Ark., for Goldring, Inc.

M. Jane Dickey, Little Rock, Ark., for Worthen Bank & Trust Co.

## MEMORANDUM

ARNOLD M. ADAMS, Bankruptcy Judge.

On December 7, 1979, the debtor filed this Chapter 11 case under the new Code. 11 U.S.C. § 301 et seq. On December 20, 1979, the debtor-plaintiff filed adversary complaint against U.S. Shoe Corporation, the defendant herein. Simultaneously, the Court entered a temporary order requiring defendant to ship shoes previously ordered with requirement that orders be paid on delivery; and ordered defendant to appear before the Court on January 3, 1980, to show cause why said temporary order should not be made permanent. Worthen Bank and Trust Company and Goldring, Inc. intervened as parties plaintiff. Following response by defendant, the case came on for trial on January 3, 1980, which, by agreement, was treated as pretrial conference. In view of meeting of creditors set for January 9, 1980, counsel agreed to continue the trial until January 10, 1980. After having had opportunity to observe the witnesses while testifying, examining the exhibits and legal precedents submitted by counsel, the Court now files its memorandum and order.

This case exposes a paper war between plaintiff and defendant. From the preponderance of the testimony, the Court finds that there was no effective cancellation of the sundry orders for shoes, each of which is a separate executory contract which the debtor in possession has the authority to assume or reject.

The debtor has been a retail outlet for men and ladies' shoes and apparel in central Arkansas for more than 80 years; it has had business relations with the defendant for at least 50 years; and for a considerable number of years it has been the sole retail store for defendant's Selby line of goods on which defendant has trade-mark rights.

In recent times, the debtor has experienced cash flow problems as a result of managerial problems. To correct this situation, the plaintiff engaged Mr. Norwood Jones on November 20, 1979, an expert in aiding companies with financial difficulties, who has made substantial and positive changes in the debtor's operation and has arranged an accord with practically all of plaintiff's trade creditors except the defendant herein.

A substantial portion of plaintiff's profit is from shoes sold to it by the defendant from its Selby Division.

The Court specifically finds that without the goods of the defendant, a successful reorganization will be scuttled, resulting in liquidation proceedings under Chapter 7 of the Code, to the substantial prejudice of more than 200 trade creditors of the plaintiff who are owed approximately $1,271,025.43.

The Court further finds that from the case as a whole, a reasonable inference may be drawn that the defendant refused to complete orders of plaintiff unless debts incurred prior to filing of the Chapter 11 case be paid in full, which is tantamount to harassment prohibited by Chapter 11.

The defendant should be ordered to fill orders for shoes applied for prior to filing of this case, conditioned that plaintiff issue

its debtor in possession check prior to shipment unless the parties agree otherwise, conditioned further that plaintiff be given the usual trade discounts.

The Court further finds that under the unique circumstances of this case, the defendant should be required to fill future orders upon assurances of payment and that defendant will be required to accept a debtor in possession check prior to the shipment of said orders as adequate assurance of payment unless the parties agree otherwise.

Counsel for the parties advised the Court that its order will be a springboard to an appeal, that time is of the essence; hence, the Court will not discuss the citations submitted by counsel but will leave this to the attorney for appellant and appellee in their briefs before the appellate court. Hopefully, fresh decisions interpreting Chapter 11 of the new Code will be published by that date.

Plaintiff's complaint, as amended, seeks citation for contempt, damages and attorneys fees. The Court finds these issues are collateral to the heart of this case; that it cannot assume that the defendant will not comply with the orders of the Court. These issues are retained under submission and will be determined by the Court upon subsequent petition and trials, if any.

The temporary order will be made permanent except as herein modified.

An appropriate order will be entered.